IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **MACROSOLVE, INC.** | § § § | |
| **Plaintiff,** | § § | |
| vs. | § § | No. 6:12cv74 MHS-JDL |
| **(1) GEICO INSURANCE AGENCY, INC.,** **(2) GEICO CASUALTY COMPANY,** **(3) GOVERNMENT EMPLOYEES INSURANCE COMPANY,** | § § § § § | **JURY DEMANDED** |
| **Defendants.** | | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendants' GEICO Insurance Agency, Inc., GEICO Casualty Company, and Governmental Employees Insurance Company (collectively "GEICO") Motion for Judgment on the Pleadings Due to Unpatentable Subject Matter Pursuant to 35 U.S.C. § 101. (Doc. No. 24) ("MOTION"). The matter has been fully briefed (Doc. Nos. 25, 26, 31). Upon consideration of the arguments, the Court **RECOMMENDS DENYING** the Motion without prejudice to re-urging after claim construction.

**BACKGROUND**

Macrosolve sued GEICO on February 17, 2012, alleging infringement of U.S. Patent No. 7,822,816 ("the '816 patent") (Doc. No. 1). On June 29, 2012, GEICO filed the instant Motion to Dismiss pursuant to FED.R.CIV.P 12(c) on the basis of unpatentable subject matter. (Doc. No. 24).

1

## DISCUSSION

The '816 Patent is titled "System and Method for Data Management" and "relates to a system of computing devices for the collection and management of information." '816 Patent at 1:13–14. Broadly, the claimed subject matter relates to the use of "handheld computers" that are "loosely networked" to servers to collect information in the field. '816 Patent at 1:15–18; 1:29–32. The basis of GEICO's instant motion relates primarily to subsection (b) of independent claim 1, set forth and highlighted in italics below:

> Claim 1 is representative:
> A method for managing data including the steps of:
>     (a) creating a questionnaire comprising a series of questions;
>     *(b) tokenizing said questionnaire; thereby producing a plurality of tokens representing said questionnaire;*
>     (c) establishing a first wireless modem or wireless LAN network connection with a remote computing device;
>     (d) transmitting said plurality of tokens to a remote computing device via said first wireless modem or wireless LAN network connection;
>     (e) terminating said first wireless modem or wireless LAN network connection with said remote computing device;
>     (f) after said first wireless modem or wireless LAN network connection is terminated, executing at least a portion of said plurality of tokens representing said questionnaire at said remote computing device to collect a response from a user;
>     (g) establishing a second wireless modem or wireless LAN network connection between said remote computing device and a server;
>     (h) after said second wireless modem or wireless LAN network connection is established, transmitting at least a portion of said response from the user to said server via said second wireless modem or wireless LAN network connection; and
>     (i) storing said transmitted response at said server.

'816 Patent 13:27–53 (emphasis added).

GEICO asserts that step (b) (hereinafter "the tokenizing step") is an abstract idea that renders the '816 Patent ineligible for patent protection. *See* MOTION at 5 ("[s]pecifically, the 'tokenizing' limitation of step (b) is directed toward the abstract idea of 'tokenizing' a questionnaire to 'thereby produc[e] a plurality of tokens representing said questionnaire.'").

Among other things, GEICO maintains that the tokenizing step sets out an unpatentable algorithm, is a purely mental process, and fails the machine or transformation test. MOTION at 5–10. As such, the entire inquiry of patentable subject matter, as presented, relates to the scope and meaning of the claim terms "tokenizing" and a "plurality of tokens."[1] GEICO contends that claim construction is not necessary because "the claim language and specification clearly set forth that the step of tokenizing involves producing a plurality of tokens and that the tokens represent a questionnaire." MOTION at 5.[2]  Such a dispute should be resolved at claim construction, not on the pleadings pursuant to FED.R.CIV.P. 12(c). Here, where the claims of unpatentabilty relate directly to the scope and meaning of a claim term,  it is not only prudent, but necessary for the Court to conduct claim construction prior to determining the patentability of the subject matter under 35 U.S.C § 101. *See Bancorp Services, LLC v. Sun Life Assur. Co.* ,687 F.3d 1266, 1273–1274 (Fed. Cir. 2012) ("it will ordinarily be desirable—and often necessary—to resolve claim construction disputes prior to a § 101 analysis, for the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter.")

Therefore, the Court **RECOMMENDS DENYING** Defendants' Motion without prejudice to re-urging after a claim construction opinion has been issued by the Court.

---

[1] *See* MOTION at 5–10 (raising the following disputes: "claim step (b) of "tokenizing" a questionnaire to "thereby produc[e] a plurality of tokens representing said questionnaire" is an abstract idea covering *any* tokens that represent a questionnaire using *any* method of computing the plurality of tokens;" "there is nothing in step (b) that precludes performance in the human mind, *i.e.*, a human mind producing a plurality of tokens representing a questionnaire;" "plurality of tokens representing the questionnaire" in the '816 patent are not physical or tangible objects; they represent a questionnaire.".

[2] GEICO cites *Bilski v. Kappos*, to support its position that claim construction is not necessary. However, in *Bilski*, the Court simply found the subject matter unpatentable without a claim construction, without weighing into whether claim construction is or is not necessary prior to a § 101 determination.  130 S. Ct. 3218 (2010).

**CONCLUSION**

For all the foregoing reasons, the Court **RECOMMENDS** that GEICO's Motion be **DENIED**.  Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.  A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 5th day of February, 2013.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

4